SOUTH-WESTERN RAILROAD COMPANY, plaintiff in error, *vs.* THOMAS PICKETT, defendant in error.

NOTE.—WARNER, C. J., did not preside in this case.

If a Railroad Company allows a slave to go off on their cars without a ticket or permit from the master, overseer, or person controlling the slave, the Company is liable to the owner for damages. It is so by our statute.

However white in color such slave may be, that fact cannot be considered by Courts as excusatory of the Railroad Company, or altering the owner's right to damages.

Trover. Tried before Judge VASON. From the Superior Court of Sumter County, April Term, 1867.

This case being upon trial, plaintiff introduced JOHN V. PRICE, who swore that he had in his possession the negro Amanda; that plaintiff had left with him on sale a negro man who belonged to the plaintiff, plaintiff's mother and brother jointly, and said negro man had been swapped for Amanda. She was a good cook, washer, ironer, seamstress, and house-woman, worth $2,500.00, and worth for hire $150.00 *per annum.*

In the fall of 1860, Amanda went away on the South-western Railroad, and remained away a year and a day, and was then brought back by the agents of the Company, the Company having exerted themselves to recover her from the date of her leaving. She had a ticket and went on a train on which Mr. Hancock, an employe of the Company, though not an agent or a conductor, also went to Macon. Witness went to Macon in pursuit of her, at an expense of fifty dollars.

Upon cross-examination, he stated that she was as white as himself, &c.; and that no one who did not know her and her *status* would have suspected that she was a slave; and that she went away on Sunday. It was admitted that she paid the Company for the ticket which she had.

The plaintiff closed. Defendant introduced no testimony.

After the argument and charge of the Court, the jury gave a verdict for $207.00, with costs.

During the argument, defendant's attorney requested the Court to charge the jury " that in order to recover, plaintiff must prove property in himself, and right of possession at the commencement of the action, possession by defendant, and a demand and refusal, from which a conversion was presumed or inferred; also, that there must be negligence on part of defendant, and that the color of the girl Amanda, being white, the defendant was justifiable in selling her a ticket, for the presumption was she was a free woman; and plaintiff having proved property in himself and two others, he could not recover in that event, for there was a variance between allegations and proof."

The Court refused so to charge, and charged that no matter what was Amanda's color, if the defendant allowed her to go off on their cars without a ticket from her owner or controller, the defendant was liable for her hire.

For this refusal to charge, and for the charge as given, the plaintiff in error asks a reversal of the Court below.

James J. Scarborough, attorney for plaintiff in error.

W. A. Hawkins, attorney for defendant in error.

Harris, J.

It is the stern enactment of the Legislature that if a Railroad Company allow a " slave " to go off on their cars without a ticket or permit from the master, overseer, or person controlling said slave, the Railroad Company shall be liable therefor in damages to the owner. There is no question in the case as to whether Amanda, the mulatto woman, when

taken on the cars of the Company, was a slave or not, and the property of Pickett. These facts admitted coerce an affirmance of the judgment below. However white in color, as it seems she was (though she had negro blood in her veins), we have no power to regard that fact as excusatory or altering the right of the owner to a recovery of damages.

This is, in its peculiar character, a hard case on the Railroad Company ; but such an one cannot, since the abolition of slavery, occur again.

Judgment affirmed.